CIACCIO, Judge.
The State Department of Revenue and Taxation sued U. Koen & Company, Inc. for collection of sales and/or use taxes allegedly due the State. Defendant appeals from a judgment ordering it to pay the taxes alleged to be due plus interest. We find the judgment erroneous and, therefore, reverse.
Defendant is a cigarette wholesaler. As such it sells or transfers cigarettes, purchased in quantity from manufacturers, to other business establishments including its own wholly-owned subsidiary U. Koen and Company Retail Stores, Inc. U. Koen and Company Retail Stores, Inc. is also a cigarette wholesaler whose principal business is the sale of cigarettes through vending machines. Defendant and its subsidiary share the same warehouse business offices and corporate officers.
When defendant sells cigarettes to other companies it collects sales tax due on the transaction and ultimately remits this tax to the State. The focus of this dispute is the transactions between defendant and its subsidiary. The State contends that the transfers of cigarettes between defendant and its subsidiary are taxable transactions —sales, and that the tax should be calculated on the transfer price of the cigarettes plus the value of the tobacco tax stamp. Defendant asserts that it buys as agent for the account of its subsidiary; that the transfers are not sales, being without profit and accomplished by bookkeeping entries; and that in any event, the taxable amount of the transactions should not include the value of the tobacco tax stamp.
At trial defendant sought to establish that as to its subsidiary it acts only as a purchasing agent. We find the evidence insufficient to establish an agency relationship. Also, there is no merit to defendant’s argument that the transfers of cigarettes from it to its subsidiary are not sales because defendant does not realize a profit. Profit is not an essential element of a sale. The transactions involve the consensual transfer of cigarettes for a price. We find that the transactions are sales. La.C.C. Art. 2439.
We also find, however, that the State and the district court incorrectly included the value of the tobacco tax stamp when determining the transaction price for purposes of calculating the tax. Uncontro-verted evidence in the record establishes that when defendant sells cigarettes to its subsidiary, the tobacco tax stamps are affixed to the cigarettes by the subsidiary after the sale. Because at the time of the sale the tobacco tax stamps are not part of *315 the thing sold and are not included in the sales price, their value cannot form part of the basis for calculating the amount of the tax due on the transaction. La.R.S. 47:302 and 47:321.
U. Koen and Company Retail Stores, Inc., as a licensed tobacco wholesale dealer has the authority and ability to affix tobacco tax stamps. La.R.S. 47:841 — 47:869. Whether defendant, U. Koen and Company, Inc., should affix the tobacco tax stamps prior to transferring cigarettes to another wholesaler, including its subsidiary, is not an issue now before us. See La.R.S. 47:843 D and 47:847.
The controversy before us involves only the additional amount of tax owed if the value of the tobacco tax stamps is included when determining the transaction price. Since we have determined that in the transactions between defendant and its subsidiary presented to us by this record the value of the tobacco tax stamps should not be included when calculating the tax basis, we hold that defendant does not owe this tax. Accordingly, the judgment of the district court is reversed.
REVERSED.